IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-15-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| FREEDMAN FARMS, INC., | ) | |
| and WILLIAM BARRY FREEDMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the individual defendant's motion for reconsideration of sentence to request modification regarding imprisonment. In lieu of six month's imprisonment as ordered, defendant William Barry Freedman seeks an extended period of home detention. The government opposes this request.

Defendant refers in support of his motion to notice recently received from a primary vendor that it will not extend credit to the corporate defendant if the individual defendant is not personally running farming operations. In addition, reference is made to notice given by a key farm hand recently that if the individual defendant is not personally available for consultation concerning spraying and fertilizer, that employee would not be comfortable assuming responsibility. Reference also is made to competitors of defendant Freedman Farms, Inc. who, it is asserted, would seek to profit from defendant William Barry Freedman's circumstances by encouraging landowners who now rent to defendant Freedman Farms, Inc., to sever their ties with the corporate defendant, and instead rent their farm lands to these others.

Defendant also seeks the court to modify the sentence to promote compliance with regulations concerning use of farm chemicals which require certain licensing, where there is no one else associated with defendant Freedman Farms, Inc. holding the requisite license. The instant

motion is supported by affidavit of defendant William Barry Freedman, and information concerning pesticide application.

The government muses without more whether the court has authority to grant the instant motion. More particularly, it mounts a substantive challenge. The government disputes the essence of the individual defendant's argument he, personally, is irreplaceable, that no new line of credit can be found, and that farming operations cannot be sustained without the employee who professed his discomfort at being responsible for spraying operations. The government surmises there must be other, knowledgeable persons available to sustain farm operations, that there must be another creditor available to lend money, and that it is unlikely a landowner would break a lease agreement with the corporate defendant simply because of the individual defendant's unavailability for six months.

From the government's perspective, understandably, this case is about the hog side of defendants' operations. The instant motion refers more to the crop side. It is revealing of the complicated nature of that aspect of the business. The government's counter grounded in supposition surely for defendant William Barry Freedman rings hollow. What sounds from hearing both sides is recognition that business practices must be changed in order for defendant Freedman Farms, Inc. to withstand the absence of the key player in all of its operations, defendant William Barry Freedman, for a period of six months.

Assuming the court has the authority to modify the sentence, all things considered, the requested relief does not comport with the factors set forth in section 3553 of Title 18. For those reasons referred to earlier, when factors outlining sufficiency of this sentence were discussed by the court at time of sentencing, the court today must deny the instant motion. However, where it appears the degree to which business practices must be changed for the period of time defendant William Barry Freedman is incarcerated were not adequately presented by defendant at time of sentencing,

the court will consider, if requested, an extension of time for the defendant to report, to accommodate issues presented in the motion. If defendant William Barry Freedman would seek more time to report to the designated place of imprisonment for service of the sentence imposed, separate motion may be filed.

SO ORDERED, this the 19th day of March, 2012.

LOUISE W. FLANAGAN
United States District Judge